**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

January 14, 2022

LETTER TO COUNSEL:

      RE:   *Tiffany M. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-21-770

Dear Counsel:

      On March 25, 2021, Plaintiff Tiffany M. petitioned this Court to review the Social Security Administration's final decision to deny her claim for supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 12. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

      Tiffany M. protectively filed her application for SSI on March 31, 2019. Tr. 10. She alleged a disability onset date of August 13, 2000. *Id.* Her application was denied initially and upon reconsideration. *Id.* Tiffany M. requested an administrative hearing, and a telephonic hearing was held on October 28, 2020, before an Administrative Law Judge ("ALJ"). Tr. 33-53. In a written decision dated November 30, 2020, the ALJ found that Tiffany M. was not disabled under the Social Security Act. Tr. 7-27. The Appeals Council denied Tiffany M.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

      The ALJ evaluated Tiffany M.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§ 416.920. At step one, the ALJ found that Tiffany M. had not engaged in substantial gainful activity since March 31, 2019, the application date. Tr. 12. At step two, the ALJ found that Tiffany M. suffered from the following severe impairments: degenerative joint disease of the left hip, depressive disorder, post-traumatic stress disorder, and anxiety disorder. *Id.* At step three, the ALJ found Tiffany M.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 13-15. The ALJ determined that Tiffany M. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On December 31, 2021, it was reassigned to me.

> perform sedentary work as defined in 20 CFR 416.967(a) except the claimant can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. The claimant can never balance or climb ladders, ropes, or scaffolds. She can have occasional exposure to hazards and uneven surfaces. The claimant can understand, remember, and carry out simple instructions, and perform simple, routine tasks. The claimant can have occasional interaction with co-workers and supervisors, yet no interaction with the general public.

Tr. 15.

At step four, the ALJ determined that Tiffany M. had no past relevant work. Tr. 21. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Tiffany M. can perform, including document preparer, sorter, and electronic inspector. Tr. 21-22. Accordingly, the ALJ found that Tiffany M. was not disabled under the Social Security Act. Tr. 22.

Tiffany M. argues that the ALJ's RFC determination does not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP"), and therefore runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d 632. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Tiffany M. has a moderate limitation in her ability to concentrate, persist, or maintain pace. Tr. 14. In making this finding, the ALJ noted that Tiffany M. "reported having decreased concentration, with difficulty focusing on a task such as reading or watching television for more than 12 to 15 minutes." *Id.* "Nevertheless, over the course of the period at issue, findings on mental status examination show that [she] has had intact abstraction and concentration." *Id.* The ALJ also discussed Tiffany M.'s ability to concentrate, persist, or maintain pace later in her decision, noting the opinion of William Carne, Ph.D., the state agency psychological consultant who opined that Tiffany M. had a moderate limitation in concentrating, persisting, or maintaining pace but was "able to understand, carryout [sic], and remember simple instructions" and was "able to persist in at least simple work tasks for the durational [sic] of normal workday/workweek with no more than occasional interruption from

psych symptoms." Tr. 20, 76, 80. Dr. Carne also opined that Tiffany M. "should avoid working with the general public" and that she "is restricted to low stress work defined as occasional decision making and occasional changes in work setting." Tr. 81. Dr. Carne ultimately opined that Tiffany M.'s "mental impairments are considered severe and restrict [her] to [simple, routine tasks]." Tr. 81. The ALJ found Dr. Carne's opinion to be persuasive because it was consistent with the evidence that he reviewed and supported by the overall evidence of record (Tr. 20). *See* 20 C.F.R. § 416.920c.

The ALJ explained that Tiffany M.'s assessed RFC to performing, among other things, simple, routine tasks was supported by the objective evidence of record, Tiffany M.'s statements that were consistent with the objective findings, and the opinion evidence. Tr. 21. The ALJ thus "explain[ed] how substantial evidence supports [her] conclusion as to [Tiffany M.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Carne's] opinion with respect to [Tiffany M.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Tiffany M.'s argument that remand is warranted under *Mascio* is without merit.

For the reasons set forth herein, Tiffany M.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 12) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge
